Janice Jones, Chief of Police Lonoke Police Department 203 West Front Lonoke, AR 72086
Dear Chief Jones:
You have requested an Attorney General's opinion concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You state that the Lonoke Police Department has received a request for various records, including certain records that pertain to individual police officers. You have specifically requested an opinion concerning the release of the following requested records:
 • Personnel files for all full-time officers either employed by or who have been employed by the Lonoke Police Department for the past twelve months.
 • Time Records/Sheets for all full-time officers, part-time officers, and dispatch officers for the time period from April 1, 2001 to the present, including time sheets for all current officers and all officers who have been employed by the Lonoke Police Department for the past twelve months.
 • Any and all F-4 forms filed with the Commission on Law Enforcement Standards in the past six months.
You indicate that you have determined that these records should not be released, on the grounds that the request is too vague to determine what is being requested.
I am directed by law to issue an opinion as to whether your determination as the custodian of the records, regarding the release of the requested records, is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that your determination that the request is too vague for response is not consistent with the FOIA. The request, in my opinion, is clear, and the release of the requested records should follow the guidelines set forth below. I note that I have not been provided with copies of the requested records, and therefore cannot opine definitively concerning the release of any particular record. Nevertheless, I will set forth the legal principles that govern the release of the types of records that would typically be responsive to this request.
As an initial matter, I note that the records that are maintained in employees' personnel files and that would otherwise be responsive to this request will most likely fall into one of two categories: (1) "Personnel records" within the meaning of the FOIA; or (2) "Employee evaluation/job performance records" within the meaning of the FOIA. It will be important for you to distinguish between the two, because their release is governed by different standards.
Personnel Records
The FOIA does not define the term "personnel records." However, this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records (discussed below), that pertain to individual employees, former employees, or successful job applicants. See, e.g., Ark. Ops. Att'y Gen. Nos. 2000-130; 99-147, citing Watkins, The Arkansas Freedom ofInformation Act (m m Press, 3d ed. 1998), at 134.
Under the FOIA, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee to whom they pertain. A.C.A. § 25-19-105(b)(12). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The question of whether a "clearly unwarranted invasion of personal privacy" will occur is a question of fact that you, as custodian of the records, must determine.See Op. Att'y Gen. No. 2001-101. If you determine factually, upon the basis of the balancing test, that the release of any of the requested personnel records would constitute a clearly unwarranted invasion of the individual's personal privacy, the records should not be released.
However, you should note that the courts have found relatively little privacy interest in such matters as salary records, employee contracts, names, dates and places of birth, training or education background, and work experience. See, e.g., Kruzon v. Department of Health HumanServices, 649 F.2d 65 (1st Cir. 1981); Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980). Likewise, in my opinion, there would be little privacy interest in time records/sheets. On the other hand, there is authority for withholding information such as home addresses, telephone numbers, information about family members, and information about insurance coverage under the appropriate factual circumstances. In Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998), the Arkansas Supreme Court upheld a custodian's decision to withhold from release certain police officers' home addresses. In upholding that decision, the Stilley court applied its traditional balancing test between the privacy interest and the public interest and concluded that the privacy interest outweighed the public interest. In reaching this conclusion, the court specifically considered the fact that where police officers are concerned, this information can carry a heightened potential to be used for purposes of harassment, nuisance, and of people attempting to contact the subject at home, or endangering their families' safety.
You should note that if a record is generally releasable, but contains an item of private information such as this, or information that falls within one of the other specific exemptions, see A.C.A. § 25-19-105, the private information should be redacted before the record is released. A.C.A. § 25-19-105(f)(2).
Employee Evaluation/Job Performance Records
Some of the records maintained in the officers' personnel files may constitute "employee evaluation/job performance records," within the meaning of the FOIA. Again, the FOIA does not define the term "employee evaluation/job performance records." I have taken the position that records relating to an employee's performance or lack of performance on the job are properly classified as "employee evaluation/job performance records" under the FOIA. See, e.g., Op. Att'y Gen. No. 2000-242.
"Employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
It should be noted that the presupposition of the above-stated test is that there was final administrative decision that ended in a suspension or termination. If the employee in question has not been suspended or terminated, his or her employee evaluation/job performance records cannot be released. If the employee has been suspended or terminated, the other prongs of the test must be considered.
F-4 Forms
It is my understanding that "F-4 Forms," which are among the specifically-requested items, are change of status forms that are filed with the Commission on Law Enforcement Standards when an officer is hired, fired, or otherwise has undergone a change in employment status. It is my opinion that if these forms state the reason for the change in status, they constitute "employee evaluation/job performance records," as discussed above, and their release must be evaluated under the test for such records. See Ops. Att'y Gen. Nos. 2001-276; 2000-267; 2000-203; 97-400 (opining that letters of suspension or termination constitute employee evaluation/job performance records if they detail the incidents that gave rise to the suspension or termination). On the other hand, if these forms do nothing more than reflect the change in status itself, without stating the reason for the change in status, they constitute "personnel records," the release of which would not, in my opinion, constitute a clearly unwarranted invasion of the officers' personal privacy. See Op. Att'y Gen. No. 2001-185.
Finally, I must address your view that the request is too vague to determine what is being requested. You appear to base this view on the fact that portions of the request do not identify particular officers whose records are being requested. The FOIA does not require that a citizen's request for personnel records specifically identify particular employees. The request that you received, by stating specific time parameters from which the identities of the particular employees whose records are being requested can be determined, is sufficiently specific. The request states: "Time records/sheets for all full-time officers, part-time officers, and dispatch officers for the time period from April 1, 2001 to the present" and "Personnel files for all full-time officers either employed by or who have been employed by the Lonoke Police Department for the past twelve months." The officers who fit these descriptions should be readily identifiable from your records. For this reason, I conclude that the request is sufficiently clear to warrant a response.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General